UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY VOGEL,

               Plaintiff,                Case No. 2:21-cv-10147
                                         District Judge Mark A. Goldsmith
v.                                 Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

               Defendant.

_____/

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF
No. 13), GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 15) and AFFIRM THE COMMISSIONER'S DECISION</u>**

**I.**    **RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's amended motion for

summary judgment (ECF No. 13), **GRANT** Defendant's motion for summary

judgment (ECF No. 15), and **AFFIRM** the Commissioner's decision.

**II.**    **REPORT**

       Plaintiff Jeffrey Vogel brings this action under 42 U.S.C. § 405(g) and 42

U.S.C. § 1383(c)(3) for review of a final decision of the Commissioner of Social

Security (Commissioner) denying his application for Disability Insurance (DI)

benefits.  This matter is before the United States Magistrate Judge for a Report and

Recommendation on Plaintiff's motion for summary judgment (ECF No. 13), the

Commissioner's cross-motion for summary judgment (ECF No. 15), Plaintiff's

reply (ECF No. 16), and the administrative record (ECF No. 10).

### A.    Background and Administrative History

#### 1.    Prior claims

Plaintiff filed prior claims for DI benefits and Supplemental Security Income

(SSI) on April 28, 2016.  (*See* ECF No. 10, PageID.98.)  A hearing regarding these

prior claims was held on November 1, 2016, and on January 19, 2018,

Administrative Law Judge (ALJ) Virginia Herring found that Plaintiff was not

disabled within the meaning of the Social Security Act.  (ECF No. 10, PageID.95-

113.)  In so doing, ALJ Herring evaluated Plaintiff's residual functional capacity

(RFC)[1] and determined that Plaintiff had the RFC:

> to perform light work . . . except he must be able to change positions
> between sitting and standing every twenty to thirty minutes as needed.
> The claimant may climb ramps or stairs occasionally, but never climb
> ladders, ropes or scaffolds.  Further, the claimant can occasionally
> balance, stoop, knee[l], crouch, or crawl.  Lastly, the claimant must
> avoid dangerous machinery and unprotected heights.

(ECF No. 10, PageID.103-107.)

---

[1] The claimant's "residual functional capacity" is an assessment of the most the
claimant can do in a work setting despite his or her physical or mental limitations.
20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d
235, 239 (6th Cir. 2002).

### 2.   Current claim and appeal

In his March 20, 2019 application for disability insurance benefits (DIB), Plaintiff alleges his disability began on March 17, 2014, the same date alleged in his previous applications (*see* ECF No. 10, PageID.98), at the age of 48.  In his disability report, he lists chronic pancreatitis, diabetes, cancer, and depression as limiting his ability to work.  (ECF No. 10, PageID.262.)  His application was initially denied on October 9, 2019 (ECF No. 10, PageID.160-176), and denied on reconsideration on January 9, 2020 (ECF No. 10, PageID.178-192).

Plaintiff requested a hearing by an Administrative Law Judge (ALJ).  (ECF No. 10, PageID.193-194.)  On May 19, 2020, ALJ Timothy Scallen held a hearing at which Plaintiff and a vocational expert (VE), Scott Silver, testified.  (ECF No. 10, PageID.71-94.)  On June 18, 2020, ALJ Scallen issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act from January 20, 2018, the day after the prior unfavorable decision, through December 31, 2019, the date last insured (DLI).

Plaintiff submitted a request for review of the hearing decision/order.  (ECF No. 10, PageID.220-222.)  However, on November 23, 2020, the Appeals Council denied Plaintiff's request for review.  (ECF No. 10, PageID.39-44.)  Thus, ALJ Scallen's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on January 21, 2021.  (ECF No. 1.)

**B.    Plaintiff's Medical History**

The administrative record contains approximately 764 pages of medical records, which were available to the ALJ at the time of his June 18, 2020 decision. (ECF No. 10, PageID.355-1119 [Exhibits B1F-B22F].)  These materials will be discussed in detail, as necessary, below.

**C.    The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since from January 20, 2018 through December 31, 2019, Plaintiff's DLI.  (ECF No. 10, PageID.56.)  At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: alcohol-induced chronic pancreatitis, obesity, degenerative disc disease of the lumbar spine, status-post open exploratory laparotomy/resection of gastrointestinal stromal tumor and small portion of the small bowel to which the tumor was attached with subsequent adjuvant therapy, and unspecified bipolar disorder with generalized anxiety disorder.  (ECF No. 10, PageID.57.)  At **Step 3**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (ECF No. 10, PageID.57-58.)

4

**Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's

residual functional capacity (RFC) and determined that Plaintiff had the RFC:

> to perform light work . . . except occasional climbing of stairs and
> ramps but no ropes, ladders, or scaffolds; occasional balancing,
> stooping, kneeling, crouching, and crawling; avoid all unprotected
> heights and moving machinery; simple, routine, repetitive tasks; and
> occasional contact with the public.

(ECF No. 10, PageID.58-63.)  At **Step 4**, the ALJ determined that Plaintiff was

unable to perform any past relevant work.  (ECF No. 10, PageID.63-64.)  At **Step**

**5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ

determined that there were jobs that existed in significant numbers in the national

economy that Plaintiff could perform, such as such as assembler-small parts,

collator, and router.  (ECF No. 10, PageID.64-65.)  The ALJ therefore concluded

that Plaintiff had not been under a disability, as defined in the Social Security Act,

from January 20, 2018 through December 31, 2019.  (ECF No. 10, PageID.65.)

## D.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case

under the Social Security Act, the Court "must affirm the Commissioner's decision

if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see*

*also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence

6

standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.    Analysis

Plaintiff contends that the ALJ's decision is unsupported by substantial evidence and contains errors of law because the ALJ: (1) failed to include all of his limitations when formulating the RFC; (2) erred in finding that his cancer and intestinal resection did not amount to new evidence; (3) failed to properly evaluate his subjective symptoms under Social Security Ruling SSR 16-3p; and (4) improperly analyzed medical opinions.  (ECF No. 13, PageID.1150, 1161-1173.)[2] The Commissioner opposes Plaintiff's motion, arguing that the ALJ: (1) properly determined Plaintiff's RFC; (2) properly evaluated the new and material evidence; and (3) appropriately evaluated the medical opinions and prior administrative medical findings.  (ECF No. 15, PageID.1180, 1184-1202.)  In reply, Plaintiff reiterates his argument and states further:

---

[2] The Court observes that Plaintiff's footnotes are significantly smaller than the 14-point font required by the local briefing rules.  E.D. Mich. Local Rule 5.1(a)(3). While this may seem like a minor point, adherence to the rule not only makes footnotes easier to read, but also prevents litigants from using extensive or lengthy undersized footnotes as a means to get around page limitations.  E.D. Mich. LR 7.1(d)(3).  Counsel is advised that failure to abide by this rule may lead to future briefs being stricken.

[T]he RFC assessed by the ALJ in this case fails to properly consider the limitations caused by his cancer – an impairment this ALJ found to be severe in this case. Namely, Plaintiff's cancer causes him to [sic] severe abdominal pain radiating to the back, along with nausea and fatigue which would result in extreme difficulty standing during the day, particularly without the ability to have an assistive device. Yet, this RFC is less limiting than the prior RFC despite even Defendant's position that there does in fact exist new and material evidence that supports the less limiting limitations contained in the current RFC. To be clear, the RFC contained in the prior decision was more limiting than the current RFC spanning the period after January of 2018 through the present.

(ECF No. 16, PageID.1208-1209.)

### 1. The Court should find no *Drummond* error requiring remand

#### a. The ALJ's decision

In his June 18, 2020 decision finding that Plaintiff was not disabled from

January 20, 2018 through December 31, 2019, ALJ Scallen stated:

On March 20, 2019, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 17, 2014.

\* \* \*

Implicit in the claimant's alleged onset date is a request to reopen the claimant's prior applications. Counsel argued the claimant's cancer was new and material evidence not considered in the prior decision dated January 19, 2018.[3] The undersigned does not find a basis for

---

[3] Indeed, at hearing, Plaintiff's counsel stated:

[J]ust wanted to point out again that the previous Administrative Law Judge did not have as a severe impairment the cancer and the cancer surgery. They weren't available at that time and he had been complaining of severe pain and they had been calling it pancreatitis

8

reopening claimant's prior applications. The claimant's physical impairments do not result in a significant change in his residual functional capacity and do not result in a finding of disability (20 CFR 404.988 and 416.1488). Social Security Ruling 91-5p was also considered and does not apply in this case. The remainder of the decision will only address the period of January 20, 2018 forward.

On April 28, 2016, the claimant filed a prior application for disability insurance benefits and supplemental security income alleging he had been disabled since March 17, 2014 (B1A/4). These claims were initially denied on September 1, 2016 (*Id*.). The claimant filed a timely request for hearing on November 1, 2016 (*Id*.). On January 19, 2018, [ALJ] Virginia Herring denied the claimant's petition concluding that the claimant was not disabled at any point through the decision (*Id*. at 15). The prior hearing decision mandates that the undersigned consider *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990). The Commissioner of Social Security acquiesced to these decisions in Acquiescence Rulings 98-4(6) and 98-3(6).

In *Drummond*, the Court stated that the doctrine of *res judicata* was applicable to administrative proceedings. That is, the Commissioner could not reach inconsistent results in a second proceeding based upon evidence that had already been weighed in an earlier proceeding. Absent new and additional evidence, the first ALJ's findings are a legitimate, albeit not binding, consideration in reviewing a second application.

The undersigned has considered this matter in accordance with *Drummond* and Acquiescence Ruling 98-4(6). [ALJ] Herring found that the claimant retained the residual functional capacity to perform light work with additional limitations. (*Id*. at 9). The undersigned finds no new and material evidence exists that would provide a basis for finding a different residual functional capacity as it relates to the

---

for some time. So we believe this is clearly new and material evidence.

(ECF No. 10, PageID.93.)

claimant's physical impairments.  The claimant is still able to perform light work with additional limitations.  However, the undersigned has determined the claimant's mental impairments require a change in his residual functional capacity.  Therefore, the undersigned has not adopted the residual functional capacity in its entirety from the previously adjudicated period.

In *Dennard*, the issue concerned the findings by an [ALJ] about the demands of a claimant's past relevant work.  The Court held that, where a final decision after a hearing contains a finding on the demands of a claimant's past relevant work, the Administration may not make a different finding in adjudicating a subsequent disability claim without new and additional evidence or changed circumstances that provide for a different finding.

[ALJ] Herring found that the claimant had past relevant work as an electrician and meat cutter (*Id*. at p 13).  The undersigned finds no new and material evidence to support a different finding regarding the claimant's past relevant work (Acquiescence Ruling 98-3(6)).

(ECF No. 10, PageID.53-54.)

> ### b.    Analysis

Plaintiff argues that the ALJ erred in finding no new and material evidence under *Drummond* because the "ALJ altogether failed to account for Plaintiff's cancer and intestinal resection that was performed on June 23, 2017 and was not *fully and accurately* considered in the prior ALJ's decision."  (ECF No. 13, PageID.1166) (emphasis added).[4]  According to Plaintiff:

At a minimum here, the ALJ should have properly considered the evidence as it relates to the period beginning on January 20, 2018 through the date of his decision in order to make an accurate decision

---

[4] I note that Plaintiff does not actually cite to, or provide an explanation for, *Drummond*.

10

with an RFC that contains all relevant limitations supported by substantial evidence. What is more, Plaintiff's counsel argued, at the administration hearing, that "claimant's cancer was new and material evidence not considered in the prior decision dated January 19, 2018." (ECF No. 10, PageID.53). As a result, the Court cannot say, without resorting to speculation, whether the ALJ fully and fairly considered all evidence when finding that, generally and vaguely: "[Plaintiff's] physical impairments do not result in a significant change in his residual functional capacity and do not result in a finding of disability."

(ECF No. 13, PageID.1167-1168.)  For the reasons that follow, I disagree.

The Sixth Circuit has directed that, "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Following *Drummond*, the Commissioner issued AR 98-4(6), which provides, in part:

When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-4(6), 63 Fed. Reg. 29771-01 (June 1, 1998).  Accordingly, this Court has observed that, "[w]hen considering a renewed application for benefits, SSAR 98-4(6) and *Drummond* create a presumption that facts found in a prior ruling remain true in a subsequent unadjudicated period unless 'there is new and material

11

evidence' showing changed circumstances occurring after the prior decision."
*McAllister v. Comm'r of Soc. Sec.*, No. 15-13605, 2016 WL 11258182, at *17
(E.D. Mich. Sept. 26, 2016) (Morris, M.J*.), report and recommendation adopted as
modified sub nom. McCallister v. Colvin*, No. 15-13605, 2017 WL 1190952 (E.D.
Mich. Mar. 31, 2017) (Berg, J.).

However, more recently, the Sixth Circuit issued a published decision that
clarifies *Drummond*'s reach, with only a passing reference to AR 98-4(6)'s "new
and material evidence" requirement. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d
929, 931 (6th Cir. 2018). In *Earley*, 893 F.3d at 933, the Sixth Circuit stated:

> "Res judicata bars attempts to relitigate the same claim, but a claim
> that one became disabled in 1990 is not the same as a claim that one
> became disabled in 1994." *Groves v. Apfel*, 148 F.3d 809, 810 (7th
> Cir. 1998). Just so here. Had Earley filed a second application for
> disability benefits for June 25, 2010 to May 15, 2012, the same period
> covered by her first application, the ALJ could have correctly rejected
> it on res judicata grounds and the principles of finality that it supports.
> But Earley did not do that. She filed a new application for a new
> period of time. When an individual seeks disability benefits for a
> distinct period of time, each application is entitled to review. There is
> nothing in the relevant statutes to the contrary. And res judicata only
> "foreclose[s] successive litigation of the very same claim." *New
> Hampshire v. Maine*, 532 U.S. 742, 748 . . . (2001).

Plaintiff fails to demonstrate that the ALJ misapplied *Drummond*, AR 98-
4(6), or *Earley*. Instead, the ALJ acknowledged the law and the prior decision, as
well as the overlap in time between Plaintiff's prior and current claims, and found
that no new evidence existed to significantly alter the previous physical RFC for

the period at issue in Plaintiff's current claim.  This analysis is consistent with the

law, which does not prohibit the adoption of a prior RFC finding.

Further, in direct contradiction to Plaintiff's arguments, the ALJ explicitly

and extensively considered evidence in the record related to Plaintiff's cancer

diagnosis and surgery (*see* ECF No. 10, PageID.60), even finding as a severe

impairment Plaintiff's "status-post open exploratory laparotomy/resection of

gastrointestinal stromal tumor and small portion of the small bowel to which the

tumor was attached with subsequent adjuvant therapy" (ECF No. 10, PageID.57).

> **2.     The Court should find no error in the ALJ's evaluation of
> Plaintiff's impairments or subjective symptoms, and that
> the RFC is supported by substantial evidence**

Plaintiff also argues that the RFC is unsupported by substantial evidence

because the ALJ failed to properly evaluate his subjective symptoms or "to include

the full picture of limitations caused by [his] chronic pancreatitis and intestine

resection due to gastric stromal tumor, bipolar disorder, major depressive disorder,

and generalized anxiety disorder."  (ECF No. 13, PageID.1161-1166, 1168-1172;

ECF No. 16, PageID.1205-1209.)  He asserts that had the ALJ properly reviewed

the above, the ALJ would have found him capable of, at most, sedentary work,

which for an individual closely approaching advanced age, would have

necessitated a finding of disability.  (ECF No. 13, PageID.1161-1162.)

### a.    RFC determination

The Plaintiff bears the burden of proof at Steps 1-4, including proving her

RFC.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)

("[D]uring the first four steps, the claimant has the burden of proof; this burden

shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health

and Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)); *see also Jordan v. Comm'r

of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains

the burden of proving her lack of residual functional capacity.").  The

Commissioner has the burden of proof only on "the fifth step, proving that there is

work available in the economy that the claimant can perform[.]"  *Her v. Comm'r of

Soc. Sec.*, 203 F.3d 388, 391-92 (6th Cir. 1999).

Plaintiff's RFC is "the most [he] can still do despite the physical and mental

limitations resulting from [his] impairments."  *Poe v. Comm'r of Soc. Sec.*, 342 F.

App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a).  The

determination of Plaintiff's RFC is an issue reserved to the Commissioner and

must be supported by substantial evidence.  20 C.F.R. § 404.1527(d)(2).  Pursuant

to Social Security Ruling (SSR) 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each
> conclusion, citing specific medical facts (e.g., laboratory findings) and
> nonmedical evidence (e.g., daily activities, observations).  In
> assessing RFC, the adjudicator must discuss the individual's ability to
> perform sustained work activities in an ordinary work setting on a
> regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or

an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7.  "The ALJ need not decide or discuss uncontested issues, 'the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'"  *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) (citation omitted).

### b.    Abdominal pain and fatigue

Plaintiff focuses much of his argument on the above symptoms, rather than his mental disorders, asserting that the ALJ failed to analyze or account for the limitations resulting from his well-documented severe abdominal pain and chronic fatigue, including limitations related to his ability to sit, stand, and walk in an 8-hour workday, with use of a cane, or be off-task.  (ECF No. 13, PageID.1162-1163, 1165.)  In so doing, he cites to medical records documenting his complaints.  For example, a medical record from a December 2018 visit with Dr. Andrew Adair lists abdominal pain as Plaintiff's "Chief Complaint," and states:

This is a recurrent problem.  The current episode started more than 1 year ago.  The problem occurs daily.  The problem has been gradually improving (New meds are lasting about 6 hrs with each tablets -+ improved vs previous medication.).  The pain is located in

15

> periumbilical region and epigastric region.  The pain is mild.  The
> quality of the pain is colicky and cramping.  The abdominal pain
> radiates to the back.  Pertinent negatives include no weight loss.  The
> pain is aggravated by movement.  The pain is relieved by being still
> and certain positions.

(ECF No. 10, PageID.705.)  And in a medical record from June 2018, Plaintiff

reported symptoms of fatigue.  (ECF No. 10, PageID.713.)

However, many of the records Plaintiff references, like those summarized

above, do not contain objective medical or opinion evidence supportive of

Plaintiff's arguments that the ALJ should have included additional limitations in

the RFC, but rather Plaintiff's subjective statements regarding fatigue and pain.

*See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 529 (6th Cir. 1992)

(an ALJ is not required to blindly accept a claimant's testimony regarding his

symptoms).  Further, the ALJ explicitly addressed Plaintiff's documented

complaints and testimony of abdominal pain, at an 8/10, and tiredness, but stated:

> In sum, the undersigned finds the claimant can perform light work
> with additional limitations.  As for the claimant's statements about the
> intensity, persistence, and limiting effects of his symptoms, they are
> inconsistent with the evidence of record and weigh against a finding
> of disability.  Medical records confirm ongoing complaints of
> abdominal pain managed with medication.  The claimant has
> consistently presented with tenderness on palpation, but there has
> been no guarding and his abdomen was non-distended.  The
> claimant's cancer is also treated with medication.  He has reported
> some mild intermittent nausea also treated with medication.
> Musculoskeletal examinations note no significant findings.  For these
> reasons, the undersigned further finds the claimant can occasionally
> climb stairs and ramps but no ropes, ladders, or scaffolds; can

16

occasionally balance, stoop, kneel, crouch, and crawl; and must avoid
all unprotected heights and moving machinery.

(ECF No. 10, PageID.58-63.)  And a review of the record supports these

determinations.  In November 2019 progress notes from GI Medicine Associates,

P.C., for example, cited by the ALJ (ECF No. 10, PageID.61) and Plaintiff alike,

Dr. Daniel Satyajit noted the following for Plaintiff's abdomen examination:

> Soft, nondistended, mild discomfort in the epigastrium, mild
> tenderness on palpation along the margin of 6 and 7 ribs with
> tenderness all along going to the back, reproducing his symptoms.  No
> hepatosplenomegaly, no dullness in the flanks, bowel sounds are
> present.

(ECF No. 10, PageID.1008-1009.)  Additionally, a February 2020 examination at

Great Lakes Cancer Management Specialists revealed that Plaintiff's abdomen was

soft with tenderness to palpation, but non-distended and with no

hepatosplenomegaly.  (ECF No. 10, PageID.1104-1105.)  Plaintiff does not

challenge the accuracy of the ALJ's summaries of these medical records, arguing

instead that he should have reached a different result, but it is not within the

province of the Court to "reconsider facts, re-weigh the evidence, resolve conflicts

in evidence, decide questions of credibility, or substitute its judgment for that of

the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir.

2011).

Plaintiff does argue at great length, including in the portion of his brief

dedicated to challenging the ALJ's application of *Drummond*, that the ALJ erred

17

by not explicitly addressing Plaintiff's records from treatment with Dr. Adair, and asserts that had he done so, it would have altered the RFC assessment.  (ECF No. 13, PageID.1168-1169; ECF No. 16, PageID.1207-1208.)  While it is somewhat curious that the ALJ did not reference these records in his decision, a review of the portions of those records cited by Plaintiff reveal that they contain mostly Plaintiff's subjective statements regarding pain and fatigue substantially similar to those contained in records from other treatment providers explicitly referenced and discounted in the ALJ's decision, and "[a]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quotation marks and citation omitted; alteration in original).  Further, Plaintiff fails to direct the Court to any part of those records linking his pain and fatigue with additional functional limitations than those included in his RFC assessment, as is Plaintiff's burden.  *See Jordan*, 548 F.3d at 423 (claimant bears the burden of proving entitlement to a more restrictive RFC); *Walters*, 127 F.3d at 529.

Indeed, Plaintiff simply states that his pain and fatigue require use of a cane, which necessitates standing/walking/sitting limitations, but again, he offers no citation to the record linking his symptoms to specific functional limitations.  He does point to the VE's testimony at the hearing that use of a cane for standing would be problematic for his performance at the jobs offered (ECF No. 13,

PageID.1164 (citing ECF No. 10, PageID.92)), but Plaintiff himself acknowledges that he decided to try the cane himself, without a prescription from a doctor (ECF No. 10, PageID.77), and cites no evidence in the record that the cane was "medically required," *See* SSR 96-9p, 1996 WL 374185, at *7.

I note that ALJ Scallen, despite finding no basis for assessing a different RFC as it relates to Plaintiff's physical impairments (ECF No. 10, PageID.54), did not include in his RFC assessment the limitation in the previous RFC that Plaintiff must be able to change positions between sitting and standing every twenty to thirty minutes, as needed.  (*Compare* ECF No. 10, PageID.58-59 with ECF No. 10, PageID.103.)  However, beyond cursorily mentioning the disparity in his reply brief (ECF No. 16, PageID.1208-1209), Plaintiff makes no argument that such disparity constitutes reversible or remandable error.  *See Grand Traverse Band of Ottawa and Chippewa Indians v. Blue Cross & Blue Shield of Mich.*, 391 F.Supp.3d 706, 715 n.5 (E.D. Mich. 2019) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)) ("Arguments raised for the first time in a reply brief are considered waived.").  *See also Henderson v. Comm'r of Soc. Sec.*, No. 14-12675, 2015 WL 2063096, at *2 (E.D. Mich. May 4, 2015) ("[A] plaintiff

cannot simply claim that the ALJ erred while leaving it up to the Court to scour the record to support this claim." (quotation marks and citation omitted).[5]

### c.   Evaluation of subjective symptoms under SSR 16-3p

For the reasons that follow, the Court should also find no error in the ALJ's assessment of Plaintiff's subjective symptoms.

To determine whether a claimant is disabled, an ALJ must consider all of a claimant's symptoms and the extent to which those symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a), (c); SSR 16-3p, 2017 WL 5180304, at *2. This involves a two-step process. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3; *see also* 20 C.F.R. § 404.1529. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms

---

[5] Plaintiff also asserts that the ALJ failed to reconcile the consultative examiner's findings regarding gait disturbances that would support additional limitations in the RFC, despite finding the opinion persuasive, but he fails to include a record citation to either the ALJ's decision or the consultative examiner's opinion. Again, it is not the job of the Court to dig through a 764 page record to find support for Plaintiff's arguments.

limit an individual's ability to perform work-related activities . . . ."  SSR 16-3p, 2017 WL 5180304, at *3.

Here, the ALJ laid out the above standard and followed the two-step process, outlining Plaintiff's subjective statements regarding his symptoms as well as the medical evidence of record, as provided above, but ultimately determined that Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms . . . are inconsistent with the evidence of record and weigh against a finding of disability."  (ECF No. 10, PageID.62.)

Plaintiff lists factors to be considered under SSR 16-3p, which include: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; any precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of the individual's medication(s); treatment beyond medication for relief of pain or other symptoms; any measures used to relieve the individual's pain or other symptoms; and any other factors concerning functional limitations due to pain or other symptoms.  20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *7-8.  (ECF No. 13, PageID.1169.)  He then asserts, in a conclusory fashion:

> The seven factors noted which, here, would support greater limitations
> and highlight important deficits in the ALJ's decision overall, as well
> as the ultimate RFC and decision reached.

* * *

21

> Here, the Plaintiff's testimony and statements concerning the above
> factors are well-founded in substantial evidence and, therefore, should
> have been found consistent.  Yet, here, the ALJ summarily dismissed
> Plaintiff's statements without a proper review of the factors outlined
> in SSR 16-3p and 20 CFR 416.929. from constant abdominal pain that
> radiates to his back as well as fatigue.

(ECF No. 13, PageID.1169.)

But he does not pinpoint which of the factors the ALJ should have given

further consideration, nor is an ALJ required to explicitly address each factor.

*White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) (no indication that

the ALJ failed to consider the factors in SSR 96-7p (predecessor to SSR 16-3p)

despite failing to list the factors).  Instead, Plaintiff repeats citation to his own

subjective statements regarding his symptoms and pain level (ECF No. 13,

PageID.1169-1170), which, as described above, the ALJ analyzed and discounted

based upon substantial evidence in the record.  And this Court must defer to that

finding even if, as Plaintiff argues, substantial evidence could support an opposite

conclusion. *Blakley*, 581 F.3d at 406.

Plaintiff asserts, both in the portion of his brief dedicated to this argument as

well as in another portion of his brief, that he has been unable to avail himself of

certain treatment options due to insurance and financial constraints (ECF No. 13,

PageID.1164, 1170; ECF No. 16, PageID.1207), but I see nothing in the ALJ's

decision to indicate that he discounted Plaintiff's symptoms based on

noncompliance with treatment or any other factor affected by Plaintiff's treatment options.

Plaintiff also takes issue with the ALJ's citation to only three treatment dates with Dr. Jerome E. Seid, but makes no meaningful argument on this point, stating only that "[t]he ALJ's select reading of only a few select visits as a basis for drawing support for lesser limitations provided in the RFC assessment – particularly, here, when even such a narrow reading is muddled with inconsistencies and errors – cannot be said to be supported by substantial evidence." (ECF No. 13, PageID.1171.)  Accordingly, the Court should decline to address this assertion, not only because the argument is undeveloped, *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997), but also because the ALJ is not required to "expressly mention every piece of evidence so long as the overall decision was supported by substantial evidence," *Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 250 (6th Cir. 2015).  Furthermore, the suggestion that the ALJ "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence[,]" which is prohibited on judicial review.  *White,* 572 F.3d at 284.

### 3.    Plaintiff demonstrates no error in the ALJ's evaluation of medical opinions

Plaintiff first asserts that the ALJ erred by finding the psychological consultative examination conducted by Shelley Galasso Bonanno, M.A. and Dr.

23

Lisa Silverman persuasive because it did not constitute a medical opinion.  (ECF

No. 13, PageID.1172.)  However, it is clear from context that the ALJ's finding

was a typographical error, and that he meant to indicate he found the opinion

*unpersuasive*, for the very reason Plaintiff alleges error—because "Dr. Silverman

did not provide a medical source statement with any functional limitations to be

analyzed[.]"  (ECF No. 10, PageID.62-63.)  *See Gomez v. Berryhill*, No. 3:18-cv-

11738, 2019 WL 5680841, at *4 (E.D. Mich. June 11, 2019) (Grand, M.J.), *report

and recommendation adopted by* 2019 WL 3491621 (E.D. Mich. Aug. 1, 2019)

(Cleland, J.) ("Typographical errors in drafting do not require remand when the

ALJ's true meaning is easily discernible.") (quotation marks and citation omitted).

Plaintiff also challenges the ALJ's assessment of opinions by Ron Marshall,

Ph.D., Mark Garner, Ph.D., Dr. Jennie Wentzloff, and Dr. Kelly Donovan, because

"state agency consultants are not treating nor examining physicians, and did not

have the benefit of first ever once seeing or examining the Plaintiff, and second a

limited review of the record without all exhibits contained therein that document

continued, uncontrolled symptoms and additional treatment."  (ECF No. 13,

PageID.1172.)

This argument fails to take into account 20 C.F.R. § 404.1520c, applicable to

DIB applications filed after March 27, 2017, like Plaintiff's, which declines to

require that ALJs give any specific evidentiary weight to the opinions of treating

physicians.  20 C.F.R. § 404.1520c(a).  Moreover, the Sixth Circuit has recognized that there will "always be a gap between the time the agency experts review the record and give their opinion . . . and the time the hearing decision is issued." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (quotation marks and citation omitted).  The ALJ may rely on such opinions so long as the record reflects that he or she has considered the entire record.  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010).  Furthermore, Plaintiff fails to indicate which records these doctors did not consider in formulating their opinions, and specifically how a review of those records would have altered the opinions. Accordingly, the Court should find that Plaintiff has failed to demonstrate error in the ALJ's evaluation of the relevant medical opinions.

### F.     Conclusion

Plaintiff has the burden of proof on statements of error.  Plaintiff has not shown legal error that would upend the ALJ's decision, and the ALJ's decision is supported by substantial evidence.  For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 13), **GRANT** Defendant's motion for summary judgment (ECF No. 15), and **AFFIRM** the Commissioner of Social Security's decision.

### III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

26

Objection No. 2," *etc.* If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated: July 25, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE